### BATES *vs.* MESSER.

1. There was no error in refusing to grant a continuance on the ground of the absence of a witness, where the party applying therefor showed no diligence and failed to testify that the witness had been subpœnaed; that he was not absent by the permission, directly or indirectly, of the applicant; that he expected to be able to procure his testimony at the next term of court; and that the application was not made for the purpose of delay, but to enable the applicant to procure the testimony of the witness.

(*a.*) Questions not made and determined in the lower court will not be decided here.

2. The right of appeal from the judgment of a justice to a jury in that court exists in all civil cases, whether the judgment of the justice was rendered upon questions of law or of fact, or upon a combination of both.

3. There was sufficient evidence to sustain the finding of the jury in the justice's court, and there was no error in refusing to set it aside.

April 6, 1886.

Continuance. Appeal. Practice in Superior Court. Distress Warrant. Before Judge HUTCHINS. Jackson Superior Court. August Term, 1885.

Reported in the decision.

W. L. MARLER; W. I. PIKE, for plaintiff in error.

J. A. B. MAHAFFEY, by brief, for defendant.

HALL, Justice.

The distress warrant issued in this case for rent of the premise for the year 1884, which rent was not then due but was to become due, and the affidavit to obtain the same, in addition to this fact, alleged that the tenant was seeking to remove his goods from the premises rented, and had actually a part of the crop grown thereon, and that affiant had reason to apprehend that the entire crop would be removed therefrom before her debt became due. Upon the levy of the distress, the defendant filed an affidavit to the effect that the sum distrained for was not due at the time of issuing the warrant, and that he was not seeking to remove his property from the premises, but admits that he had taken away and sold one bale of cotton, which he claimed he had the right to do, and having given bond and security for the eventual condemnation money, the issue thus formed was returned for trial to the justice's court from which the warrant issued, and to which it was made returnable; and on the appeal trial before a jury in that court, there was a verdict finding the issue in favor of the plaintiff. To reverse and set aside this trial a *certio-rari* was obtained, and the errors alleged in the petition therefor were:

(1.) The refusal of the court to continue the case because of the absence of Boggs, the magistrate who issued the warrant, and who had not filed an answer to a subpœna *duces tecum*, or produced in court his commission as tax

collector, which would have shown that he was filling two offices of trust and profit under the government of this state when he issued the distress warrant.

(2.) Because the court erred in refusing to dismiss the appeal on defendant's motion, which insisted that the magistrate, when the case was tried by him, dismissed the same, and that from such a judgment no appeal would lie.

(3.) That the verdict was erroneous, and should be set aside because it was " against the weight of evidence, contrary to evidence, and without evidence to support it."

Upon the hearing of the *certiorari* and the magistrate's return thereto, the superior court ordered it dismissed, and to this judgment exception was taken.

1. The showing for a continuance was properly deemed insufficient because the party moving it failed to testify that the witness had been subpœnaed; that he was not absent by the permission, directly or indirectly, of the applicant; that he expected to be able to procure his testimony at the next term of the court, and that the application was not made for the purpose of delay, but to enable him to procure the testimony of the witness. Code, §3522 and citations. No sort of diligence was shown in this instance, and in all cases, the party making the application for a continuance must show that he has used due diligence. *Ib.*, §2528, and citations. The court, in disposing of this question, did not pass upon the effect which the holding of two offices of trust and profit under the state government by the magistrate issuing this warrant would have had upon it, and which fact the party expected to show, but did not show, by this witness, in consequence of his absence. Although the point was raised and argued in this court, yet, unless it had been made and determined in the lower court and had been assigned as error, we have no jurisdiction or authority to decide it.

2. The motion to dismiss the appeal was properly disposed of both in the justice's and superior court. In every civil case tried in the justice's court, either party dissatis-

fied with the judgment of the justice may, as a matter of right, enter an appeal to a jury in that court under the same rules that regulate appeals to the superior court. Code, §4157, 4157(a). This law recognizes no distinction in judgments rendered by the justice, either upon questions of law or fact, or upon a combination of both. The right of appeal exists whether the judgment be founded upon law or fact.

3. There was no abuse of the judge's discretion in refusing to set aside the verdict upon the grounds taken in the *certiorari*. There was undisputed testimony that the defendant had removed and sold a portion of the cotton grown upon the rented premises therefrom, and some evidence that he was making preparations to gather and remove the balance of the crop. No question was made as to the legal sufficiency of the affidavit, or the distress warrant issuing thereon. That they substantially complied with the law, we think is evident. Code, §2285.

Judgment affirmed.