[No. 5099.]

[No. 2676 C. A.]

## RYAN ET AL. V. GEIGEL ET AL.

1.  **Estates of Decedents—Real Estate—Sale Under Order of Court—Action to Set Aside—Pleading—Courts—Jurisdiction.**

    A complaint, in an action to set aside a sale of lands by the administrator, which alleges that the sale was made pursuant to the decree of the county court, that the administrator executed his deed therefor, and that several years elapsed between the sale and the bringing of the action, sufficiently alleges the final disposition of the sale in the county court so as to vest the district court with jurisdiction of such action, since the statute requires that a report of the sale shall be made at the term of the court next succeeding the sale, and that a conveyance shall not be made until after the sale is approved.—P. 358.

2.  **Appellate Practice—Estates of Decedents—Sale of Real Property—Special Statutory Proceeding—Final Judgments.**

    A proceeding to sell the real estate of a decedent is a special statutory proceeding separate and distinct from the administration of the estate proper, and the decision of the county court therein is a final judgment reviewable upon writ of error.—P. 358.

*Error to the District Court of Garfield County.*

*Hon. John T. Shumate, Judge.*

Action by Patrick Ryan and Ann Connors (formerly Ann Ryan), John Ryan, Mary McHugh (formerly Ryan), and Margaret Tait (formerly Ryan), against Samuel Geigel and J. W. Dollison, Timothy Hayes, E. E. Drach as public trustee of Garfield county, and John Noonan. From a judgment for defendants, plaintiffs bring error.        *Reversed.*

Messrs. VAILE & WATERMAN, for plaintiffs in error.

Mr. J. W. DOLLISON and Mr. J. L. NOONAN, for defendants in error.

CHIEF JUSTICE STEELE delivered the opinion of the court:

The defendants' motion to strike the plaintiffs' complaint from the files—upon the grounds: first, that no cost bond was filed; second, that it was not verified, as provided by law; third, that the court had not jurisdiction of the cause—was sustained upon the ground that the court had not jurisdiction of the cause, and the cause was dismissed. In the bill of exceptions it is stated that the court overruled the motion as to the first and second grounds therein stated, and did allow and sustain said motion upon the third ground. The plaintiffs excepted, and have brought the case here for review by writ of error.

The complaint recites that Michael D. Ryan died seized and possessed of certain lands in Garfield county and certain water rights. It also appears that his will was duly admitted to probate and record on or about February 18th, 1887, and that Timothy Hayes duly qualified as administrator with the will annexed; that one Nancy Ryan was named and designated as sole devisee of the estate of said deceased, and that subsequent to the death of said Michael Ryan and prior to the filing of the complaint, the said Nancy Ryan departed this life, leaving the plaintiffs as her heirs at law. It is further alleged in the complaint that said Ryan left personal estate of large value, amply sufficient to pay off and discharge all his lawful debts and obligations; that on the 7th day of December, 1895, a decree for the sale of the real estate of said Michael D. Ryan was granted by the county court of Garfield county; that the said Hayes procured appraisers to be appointed to appraise the value of said lands and real estate at a valuation and appraisement grossly disproportionate to the actual and known value thereof, and that

on January 4th, 1896, the said real estate was sold for the grossly insignificant and wholly disproportionate sum of eight hundred dollars; that the said lands were, at the time of said sale, worth about the sum.of eight thousand dollars; that at said sale the said property was sold to the attorney of said Timothy Hayes, and that thereafter the said attorney conveyed the property to said Hayes, and that thereafter said Hayes conveyed the said lands to the defendant Samuel Geigel; that the defendant, E. E. Drach is the public trustee of said county of Garfield, and claims some title, right or interest in and to the lands mentioned as such public trustee. The complaint prays that the proceedings in the county court aforesaid be set aside and held for naught; that the defendant Geigel be adjudged to hold the premises charged with a trust in .favor of the plaintiffs; that the pretended sale by Hayes to Geigel be set aside and held for naught; that the plaintiffs be declared to be the owners of said lands and real estate in fee simple, subject to the debts of said Michael D. Ryan; and that a certain deed of trust executed by Samuel Geigel be decreed to be surrendered up and canceled.

It is also alleged in the complaint that said Geigel had notice at the time of his purchase of the property that the sale was illegal and void.

It does not appear in express terms that any report by the administrator was filed, or that the sale was affirmed by the court, as required by the statute. It does not appear that the estate of said Michael Ryan has been finally settled, and it is insisted by the defendants in error that the district court has not jurisdiction to set aside this sale of real estate, because it does not appear from the complaint that the matters have been finally disposed of in the county court; and it was upon this theory, probably, that the district court held that it was

without jurisdiction to hear and determine this cause.

. It is true, as stated by counsel, that where two courts have concurrent jurisdiction of the subject-matter of any suit or proceeding, the court first obtaining jurisdiction of the cause will retain the same, and the other court is, in point of law, without jurisdiction of that particular case while it is pending and undetermined in the court which first obtained jurisdiction.

It appears from the complaint that the sale was made pursuant to the decree and that the administrator executed his deed for the property in question, and that several years elapsed between the time of the administrator's sale and the bringing of the suit. The statute requires that a report of the sale shall be made at the term of court next succeeding the sale, and that a conveyance shall not be made until after the sale is approved; and we are of opinion that the complaint is good as against the plea to the jurisdiction.

The proceeding to sell real estate is separate and distinct from the administration of the estate proper, and is a special proceeding, recognized by the statute. It has been held by this court in *Sloan v. Strickler,* 12 Colo. 179: "That a proceeding of the kind now under consideration (a proceeding to sell the real estate of a decedent) is not to be classed under the common-law or equity jurisdiction of the county courts, but that it must be considered as a special statutory proceeding directly connected with the probate jurisdiction," and that decisions of the county courts in proceedings under the Statute of Wills for the sale of real estate to pay debts of decedents are final judgments, and that they may be reviewed by this court upon writs of error.

It appears sufficiently from the complaint that

the proceedings for the sale of real estate had been finally disposed of at the time of the filing of the complaint, and that the district court had jurisdiction to hear and determine the cause instituted in that court for the purpose of annulling and setting aside the sale, and for the purpose of quieting title to the property sold under the decree of the county court.

For the reasons given, the judgment will be reversed.                                                          *Reversed.*

Mr. JUSTICE GODDARD and Mr. JUSTICE BAILEY concur.