[No. 3732.]

RYAN ET AL. v. GEIGEL ET AL.

1. JUDGE—*Formerly Acting as Attorney for Party—Disqualification.* One who had acted as attorney for an administrator in procuring his appointment was afterwards county judge of the same court in which the administration was pending. Several years after his professional connection with the administration had terminated, a petition was presented by the administrator for leave to sell certain lands of the intestate.

*Held* that the petition was a special proceeding, separate and distinct from the administration, and that nothing in the statute (Code, sec. 464) disqualified his honor from entertaining it.

2. EXECUTORS AND ADMINISTRATORS—*Sale of Lands—Purchase by Administrator's Attorney—Conspiracy.* The attorney of the administrator purchased lands at the administrator's sale. Less than two years afterwards he conveyed to the administrator. The heirs, suing to vacate the sale and subsequent conveyances, contended that the sale to the attorney was the result of a conspiracy to enable the administrator to evade the statute (Rev. Stat., sec. 7183). Judgment below for defendant.

The evidence examined and held not sufficiently clear and conclusive to require the court to vacate the judgment of the court below, where the judge presiding had the advantage of observing the demeanor of the witnesses in giving testimony.

*Appeal from Garfield District Court.* HON. JOHN SHUMATE, Judge.

Messrs. VAILE, McALLISTER & VAILE for appellants.

Mr. E. L. CLOVER for appellees.

CUNNINGHAM, Presiding Judge.

The appellants, who were plaintiffs below, were the brothers and sisters and sole heirs at law of Michael D. Ryan, deceased. The appellee Hays was the administrator, with the will annexed, of the estate of the said Michael D. Ryan, deceased. For the purpose of paying the debts of the said Ryan's estate, Hayes, as administrator, sold certain real estate belonging to the said estate. Appellee Dollison, who was the attorney for the administrator, purchased this real estate at the administrator's sale, paying therefor $800. Shortly after obtaining an administrator's deed for the land, Dollison rented it to Hayes, the administrator. A little less than two years after Dollison rented the land to Hayes the latter, while still administrator of the estate, purchased the land from Dollison, paying $1,200 for it. A little more than two years after Dollison sold the land to Hayes, the latter sold it to the appellee Geigel for $5,000. The appellees, Darch

and James, were at different times the public trustee of Garfield County, and because of a trust deed made to them, in their official capacity, by Geigel, to secure a part of the purchase price which he was to pay to Hayes for the land, these two appellees were made defendants. Noonan was the county judge at the time the proceedings were had in the county court to sell the land, and early in the administration of the estate, and before his election as county judge, Noonan acted as attorney for the administrator in the preparation of the first administration papers. Appellants brought their action in the district court to set aside these various deeds, and have themselves declared to be the owners of the said real estate, subject only to the debts of the said Michael D. Ryan. In their bill plaintiffs charge fraud and conspiracy on the part of the said Hayes, Noonan, and the appraisers of the real estate, and Dollison, who purchased the same. Although a jury was empanelled to try the cause, at the close of all the testimony the court discharged the jury, as he had a clear right to do, it being an equity case, and rendered judgment for the defendants, from which judgment this appeal is taken.

1. The evidence offered on behalf of the appellants for the purpose of establishing a conspiracy was wholly circumstantial, and consisted, among other things, in showing that the land was bought by Dollison while attorney for Hayes, the administrator, for $800, and in less than four years thereafter that it sold for $5,000. It is contended from this, and other facts shown not necessary to detail, that there was an arrangement between Dollison and Hayes at the time the land was sold that Dollison should buy it for Hayes in order to avoid the inhibitions of the statute, which disqualify administrators from becoming purchasers, and thereafter transfer it to the administrator. In other words, that the purchase of the land by Dollison was a mere subterfuge. Appellants

also showed that in his affidavit, whereby he procured an order to make service by publication on the heirs of Michael D. Ryan, Hayes, the administrator, stated that he did not know the postoffice address of said heirs. There was evidence tending to show that Hayes possessed such knowledge, at least as to some of the heirs, or might readily have learned their address, since he, Hayes, and the Ryan children were distantly related and had grown up in the same neighborhood in Tipperary County, Ireland. However, Hayes had not lived in Ireland for about twenty-five years, and some of the Ryan children, at least, had within that time moved to America. No good purpose can be subserved by a full discussion of the evidence offered by both parties to this action, or in incorporating in this opinion an argument based thereon. The statutes in force at the time of the sale of this property did not require the administrator, in a proceeding to sell real estate, to set forth in his petition or affidavit for publication the postoffice address or residence of the parties defendant. Since this proceeding, the statutes in this respect have been materially amended, and now closely resemble the divorce and other statutes governing constructive or substituted service.

2. To show that Dollison, at the time he purchased the land, paid its full market value, defendants introduced two of the appraisers (the third being dead) and three other witnesses apparently familiar from experience with land values. So far as we can discover from the record, these were all disinterested and intelligent witnesses. All of them testified that the land brought its full market value. No evidence whatever was introduced by the plaintiffs, appellants here, to contradict this evidence. Seemingly the appellants rested their case on this point solely upon the circumstance that the land had, four years after Dollison paid $800 for it, been sold for $5,000. At the time the land was bought by Dollison it

was unimproved, or practically so. At the time it sold for $5,000 it was in a high state of cultivation, having a growing crop upon it worth $1,600; buildings had been constructed, and the land had been brought under irrigation. Under these circumstances we are clearly bound by what must have been the findings of the trial court, viz.: that the land brought at the administrator's sale, which was a public one, at which there was present at least one other bidder, its then full market value.

3. It is urged on behalf of appellants that Noonan, the county judge, having been the attorney for the administrator, Hayes, was disqualified under code section 464, Revised Statutes, to enter the order for the sale of the land. The pertinent portion of section 464 reads as follows:

"A judge shall not act as such in any of the following cases: in an action or proceeding   *   *   *   when he has been attorney or counsel for either party in the action or proceeding, unless by consent of all the parties to the action."

This case has been before the supreme court, and, in *Ryan et al. v. Geigel*, 39 Colo., 355-358, 89 Pac., 775, the court, speaking through the late Chief Justice Steele, said:

"The proceeding to sell real estate is separate and distinct from the administration of the estate proper, and is a special proceeding, recognized by the statute."

Judge Noonan's professional connection with the estate had entirely ceased long before proceedings were instituted in this case to sell the real estate. For several years after Noonan's election to the office of probate judge the title to the land in question was involved in an adverse proceeding in the land office. Inasmuch as Judge Noonan had nothing whatever to do, as an attorney, with the proceeding to sell the real estate, there was nothing in his early professional connection with the administra-

tion proceeding that disqualified him from later, as county judge, entering the order in question.

There are other technical irregularities in connection with the execution of the administrator's deed which are urged on behalf of the appellants, but we do not regard them as vital.

Upon the whole record we cannot say that the evidence introduced by the appellants was so clear and conclusive as that it becomes our duty to set aside the judgment of the trial court, who heard the testimony, and had the advantage of observing the demeanor of the witnesses while on the stand.

The judgment of the trial court is affirmed.

Decided October 14, A. D. 1913.  Rehearing denied December 8, A. D. 1913.