DeVaughn et al. v. Griffith, administrator, et al.

Fish, C. J. 1. The duty of an attorney at law of an administrator conducting a public sale of his intestate's realty, to cause the property to be sold to the best advantage of the estate, conflicts with the attorney's personal interest as a purchaser, and on grounds of public policy, if such attorney purchases the property for himself, the sale will be voidable, and may be set aside in a court of equity upon motion of the heirs at law of the intestate, who do not ratify the sale, but move to set it aside within a reasonable time. See Civil Code, § 4022; *Bond* v. *Watson*, 22 *Ga*. 637; *Reed* v. *Aubrey*, 91 *Ga*. 435 (17 S. E. 1022,

44 Am. St. R. 49) ; *Lowery* v. *Idleson,* 117 *Ga.* 778 (45 S. E. 51) ; *Broadhurst* v. *Hill,* 137 *Ga.* 833 (74 S. E. 422) ; 18 Cyc. 773 (6).

(*a*) This case differs from that of *Fairburn Banking Co.* v. *Summerlin,* 144 *Ga.* 31 (85 S. E. 1007), where the purchaser at an administrator's sale was his adult son and under no fiduciary duty to him.

(*b*) Accordingly, where heirs at law of an intestate brought suit against the administrator to enjoin the sale by him of the intestate's realty, and no action was taken by the judge as to a temporary restraining order when the petition was presented to him, but a rule nisi was granted and a hearing fixed at a date subsequent to that at which the sale was advertised to occur, and the sale was had as advertised, and an attorney at law who represented the administrator from the beginning of his administration of the estate, and who was still representing him at the time of the sale, became the purchaser thereat, and the heirs at law did not ratify the sale, but amended their original petition against the administrator by making the attorney at law a party defendant, and sought to set aside the sale as void on the ground that the attorney had become the purchaser for himself, and the amendment was allowed without objection, and the case proceeded to trial, and the evidence showed the relation of the attorney as indicated above, it was erroneous for the judge to direct a verdict for the defendants.

2. As it did not appear that the plaintiffs received any of the purchase-money, they were not required, under the maxim that he who seeks equity must do equity, to refund to the attorney the amount of money paid by him for the land.

3. The other grounds of the motion for a new trial are not meritorious.

*Judgment reversed. All the Justices concur.*

No. 1465. JANUARY 15, 1920.

Complaint for land. Before Judge Irwin. Douglas superior court. May 6, 1919.

*James & Bedgood,* for plaintiffs.

*J. R. Hutcheson* and *Astor Merritt,* for defendants.