### DeVaughn *et al. v.* Griffith *et al.*

Atkinson, J. The bill of exceptions assigns error on an interlocutory order refusing to appoint a receiver, and to enjoin a second sale of land by an administrator after a former sale had been set aside in accordance with the decision of this court in *DeVaughn* v. *Griffith*, 149 *Ga.* 697 (101 S. E. 794). *Held:*

1. The assignment of error complaining of the action of the court in receiving in evidence certain affidavits after the case was submitted shows no cause for reversal. It affirmatively appears that the affidavits were received subject to objection by the plaintiffs in error; and it does not appear that they made any objection to the receipt of the affidavits, or that they were prevented from doing so by any action of the court or of opposing counsel.

2. The assignment of error complaining that the court erred in considering a plea of res adjudicata fails to show that any demurrer or objection was filed or made to the plea, and is insufficient to require a reversal.

3. Certain returns made by the administrator were admitted in evidence. The assignment of error alleging that the court should have ruled the returns out of evidence fails to state that the plaintiffs in error moved to rule out the evidence, or upon what ground, if any, its admission was objected to before the trial court. The assignment of error is without merit.

4. Upon the pleadings and evidence properly before the court, the judge did not err in granting the judgment in favor of the defendants, upon which error is assigned.

Judgment affirmed. All the Justices concur.

No. 2508. FEBRUARY 18, 1922.

Petition for injunction, etc. Before Judge Irwin. Douglas superior court. January 14, 1921.

*James & Bedgood,* for plaintiffs.

*J. R. Hutcheson* and *Astor Merritt,* for defendants.