## BYRD v. VANCE et al.

1. The plaintiff in error failed to show that the paper under which his land was sold was that set forth in his petition. It appears that the property was regularly advertised and sold in accordance with the terms of a deed to secure a debt, with power of sale therein conferred.

(a) Even if it may be unlawful for either husband or wife to purchase at a sale which his or her spouse is conducting as an agent or in any other fiduciary capacity, still no rule of law inhibits a married woman from exercising an agency to sell land for another, where duly authorized in writing; and in such a case no order from the superior court of the domicile of the feme covert is appropriate.

2. Where in a petition brought to restrain one who has purchased property at what is alleged to be an illegal and invalid sale from interfering with the possession of the petitioner, and for other relief, the defendant answering the petition prays for an order removing the plaintiff from the possession of the premises and placing the defendant in possession, it is error, upon an interlocutory hearing of the case in advance of a trial, to order the removal of the plaintiff from the premises and the placing of the defendant therein unless the plaintiff within ten days surrenders possession of the premises to the defendant.

No. 3984. SEPTEMBER 20, 1924.

Petition for injunction. Before Judge Irwin. Haralson superior court. August 20, 1923.

Zack Byrd brought a petition against J. J. Vance and Mrs. Morgan Vance, seeking to have certain deeds canceled as a cloud upon his title, and asking for injunctive relief. He alleged, that he was the owner of certain named lots in the city of Tallapoosa, Georgia; that he mortgaged these lots to Mrs. Vance "for a consideration of the sum of $130.00," and later, at the instance of J. J. Vance, the husband and agent of Mrs. Vance, he renewed this mortgage; that during the year 1922 he left Tallapoosa, and while he was away Mrs. Vance advertised the lots for sale and sold them without petitioner having any knowledge of the sale, she claiming that she held a deed to secure a loan of $718.81, with power of sale therein, "and when said lots were advertised for four weeks in the Haralson County Tribune, her husband, J. J. Vance, bought said lots in at her sale at the court-house door in Buchanan, . . at a consideration which petitioner does not know;" that at the time the lots were advertised for sale the petitioner was working in Anniston, Alabama, and had not been at home for some time, and he did not know that the land had been sold until said J. J. Vance gave him notice to vacate the house; that

he did not execute said security deed or authorize any one to sign the same or ratify the signing of the same, but only gave Mrs. Vance a mortgage; that the sale by Mrs. Vance to her husband was void, in that there was no order of the superior court to authorize her to sell the same; that J. J. Vance is holding a deed to the property from his wife, predicated on said sale, without the order of any court, and is now threatening to dispossess petitioner; that unless an injunction issue to restrain the defendants from interfering with his peaceable possession, his damages will be irreparable and will cause a multiplicity of suits; and that the above deeds constitute a cloud upon his title. The prayers were, (1) that both deeds be canceled; and (2) that J. J. Vance be restrained and enjoined from aliening or encumbering said property, and be further restrained from interfering with petitioner's peaceable enjoyment of said premises; and for general relief and process.

In their answer the defendants denied that the petitioner was the owner of the described lots. They set up that the petitioner was indebted to Mrs. Vance in the sum of $718.81, for which he made and delivered his promissory note payable to Mrs. Morgan Vance, and to secure the payment of this note he executed a "warranty deed" conveying to Mrs. Vance the described lots; that in order to protect her interest it became necessary to sell "the land conveyed to her, under the power of sale in the deed to secure her debt;" and that the sale was advertised in accordance with the terms of said deed, and all the proceedings as to the sale were in compliance with the requirements of the deed. Although it was true that the petitioner had been absent from Tallapoosa for about a year, he had been in Tallapoosa in an effort to protect his other property from sale under a judgment against him, and knew that the holders of said judgment were attempting to sell the land conveyed by him to Mrs. Vance. The defendants admitted that the deed was made by her as alleged by the petitioner, but averred that no order of any court was required, as she was authorized, by the express terms of the power of sale in the security deed, to sell the property.

Upon the hearing the petitioner introduced in evidence the warranty deed under which he derived title to the lots in question, the answer of the defendants, and the deed from Mrs. Morgan

Vance to J. J. Vance, conveying the lots in question and reciting a consideration of $200. The defendants introduced the testimony of the editor of the Haralson County Tribune, that the advertisement of the sale was published once a week for four weeks next preceding the date of the sale. The scrivener who prepared the note for $718.81 and the deed to secure it testified that he was present when Zack Byrd signed the deed, and witnessed his signature; that Byrd appeared to understand what he was doing, and that there was no representation to Byrd that he was simply renewing a mortgage. J. J. Vance testified that the petitioner was indebted to his wife for supplies furnished, and the note and deed were given to secure this indebtedness, all of which was understood by said Byrd. The sale was conducted by the sheriff of said county, and every effort was made to sell it for the highest price possible. Witness first made a bid of $100, and after this bid had been cried for some time he voluntarily raised his bid to $200, and the land was sold to witness at that price. Defendants also introduced in evidence (as recited in the bill of exceptions) "a warranty deed to secure a debt, with power of sale therein, from Zack Byrd to Mrs. Morgan Vance," "said deed reciting that if default was made in the payment of the debt, . . said land should be advertised for four weeks and sold to the highest bidder for cash before the court-house door of said county, and under the provisions of sections 3306 to 3310 of the Code of 1910."

The court ordered that the injunction prayed for be refused, and that the restraining order theretofore granted be dissolved; and "that unless possession of the premises herein described is delivered by the plaintiff to the defendant, J. J. Vance, within ten days from this date, the sheriff of said county is ordered and directed to put said J. J. Vance in peaceable possession of said premises, removing the plaintiff and his family therefrom." The plaintiff excepted.

*Taylor Smith,* for plaintiff. *Lloyd Thomas,* for defendants.

RUSSELL, C. J. The exception to the order refusing an interlocutory injunction presents two branches. The plaintiff in error excepts because the court refused to restrain J. J. Vance from aliening or encumbering the property referred to in the statement of facts, and from interfering with the petitioner's peaceable possession and enjoyment of the premises until the further order of the

court; and also excepts to the latter portion of the order of the chancellor, which required the plaintiff in error to surrender possession of the premises to J. J. Vance, who had purchased the several lots in the city of Tallapoosa set out in the petition.

1. The exception to the refusal of the court to grant an interlocutory injunction cannot be sustained. The plaintiff entirely failed to show that the paper under which the property was brought to sale was a mere mortgage which had been given in renewal of a previous mortgage for $130, nor did he establish any other fact which affected the validity of the deed purporting to have been executed and delivered to Mrs. Morgan Vance. The deed was not subject to the attack raised by the plaintiff in his petition. The ground upon which the prayer for injunction was predicated in the petition was that the purchase by J. J. Vance was void, because he had bought the property of his wife, Mrs. Morgan Vance, without an order of the superior court authorizing the wife to sell her property to her husband, as provided in the Civil Code, § 3009. The evidence showed that Mrs. Vance was not selling her own property, nor was any of her property purchased by her husband. Under a power of sale Mrs. Vance advertised and sold the property of Zack Byrd as his agent, and it appears that she had full authority to exercise this agency. Under this power of sale the fact that the purchaser was her husband would not be affected by the failure to obtain an order of the superior court authorizing the husband to purchase the property of his wife, for no property of the wife was being sold. It might well be said in this case, as in 13 R. C. L. 1276, § 314, that "The reason that the incapacity of a married woman to act for and bind herself does not affect her capacity to execute a power is because in so doing she merely acts as the instrument of the creator or donor of the power from whom, in the eyes of the law, the person in favor of whom the power is executed is deemed to take." Had the petition been based upon the ground that the husband could not purchase at a sale in which his wife was exercising fiduciary duties as the agent of a third person, any more than the wife herself could purchase at her own sale, because, under the ruling in *Reed* v. *Aubrey,* 91 *Ga.* 435 (17 S. E. 1022, 44 Am. St. R. 49), "the twain are one flesh," the decision of the lower court might have been different. In the brief filed in this court the ruling in the

case of *Lowery* v. *Idleson,* 117 *Ga.* 778 (45 S. E. 51), in which the *Reed* case is cited, was called to the attention of the court, and it was urged before us that the sale was invalid because neither husband nor wife can purchase at a sale which is being conducted under legal authority as agent for another by his or her spouse. Of course, however, this court cannot pass upon a point raised for the first time in this forum. This court being for the correction of errors, it cannot pass upon any question which was not submitted to the trial court. By amendment to the petition, suggesting the invalidity of the sale, the plaintiff in error might have raised the point that the conjugal relationship debarred Vance from buying, because his wife was exercising fiduciary powers for her debtor, and could have had an adjudication on the lines of the *Reed* and *Lowery* cases, supra, *Moore* v. *Carey,* 116 *Ga.* 28 (42 S. E. 258), and *DeVaughn* v. *Griffith,* 149 *Ga.* 697 (101 S. E. 794), or may still do so; but the theoretical question raised in the brief was not raised in the petition before the trial judge. Upon the questions presented by the record the trial judge correctly refused an interlocutory injunction, and his judgment as to this must be affirmed.

2. In concluding the order refusing an interlocutory injunction the court ordered "that unless possession of the premises herein described is delivered to the defendant, J. J. Vance, within ten days from this date, the sheriff of said county is hereby ordered and directed to put the said J. J. Vance in peaceable possession of said premises, removing the plaintiff and his family therefrom." This adjudication was beyond the power of the court. The theory upon which the court correctly passed upon the injunction—that the court would not interfere with the possession of the premises in the interlocutory proceeding—also forbade interference with this possession in behalf of the defendant, especially because the order was in advance of a trial of the case, and this portion of the order is nugatory and must be set aside. In answering the petition of the plaintiff the defendants prayed that an order be granted directing the removal of the plaintiff from the possession of the house and lots and putting the defendant J. J. Vance into possession thereof. The court was not authorized, in advance of the action of a jury upon the facts of the case, and of his own motion to adjudge

that either party was entitled to possession in preference to the other. The order was premature.

*Judgment in part affirmed and in part reversed. All the Justices concur.*