FULMORE *v.* MACON FEDERAL SAVINGS & LOAN ASSOCIATION *et al.*

BELL, Justice. 1. "Possession of land is notice of whatever right or title the occupant has." Code, § 85-408.

2. "Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found such inquiry might have led. Ignorance of a fact, due to negligence, shall be equivalent to knowledge, in fixing the rights of parties." Code, § 37-116.

3. The allegations of the petition were sufficient to show that the defendant loan association had notice of the plaintiff's equity in the land at and before the time the association took its security deed from another person, and that such security deed is subject to cancellation as between the plaintiff and the association, whether or not it might still be treated as valid against the grantor to the extent of the latter's interest. *Simpson* v. *Ray,* 180 *Ga.* 395 (178 S. E. 726); *Chandler* v. *Georgia Chemical Works,* 182 *Ga.* 419 (185 S. E. 787, 105 A. L. R. 837); *Dyal* v. *McLean,* 188 *Ga.* 229 (3 S. E. 2d, 571).

4. From the allegations of the petition it does not appear that the association is entitled to any equitable right, as against the plaintiff, to which he should give effect; and consequently the rule that he who would have equity must do equity is inapplicable. Code, § 37-104; *DeVaughn* v. *Griffith,* 149 *Ga.* 697 (2), 698 (101 S. E. 794); *Information Buying Co.* v. *Miller,* 173 *Ga.* 786 (2) (161 S. E. 617). The case differs on its facts from *Harton* v. *Federal Land Bank of Columbia,* 187 *Ga.* 700 (2 S. E. 2d, 62), in which the petition affirmatively showed that the plaintiff was indebted to the defendant.

5. The court erred in sustaining the demurrer and dismissing the action as to the loan association.

*Judgment reversed. All the Justices concur.*

No. 13340. NOVEMBER 14, 1940.

*Walter DeFore* and *James C. Estes,* for plaintiff.
*Jones, Jones & Sparks* and *Turpin & Lane,* for defendants.