'INVESTORS FINANCE COMPANY *v.* HILL *et al.*

No. 13981.   MAY 21, 1942.   ADHERED TO ON REHEARING, JULY 15, 1942.

H. F. *Lawson* and *R. H. Lawson,* for plaintiff.

H. *McWhorter* and *L. A. Whipple,* for defendants.

JENKINS, Justice. 1. "The lien of an attachment is created by the levy, and not the judgment on the attachment." Code, § 8-905. "The judgment on the attachment shall only bind the property attached, and the judgment shall be entered only against such property," except when the defendant has "given bond and security, or when he has appeared and made defense, . . or when he has been cited to appear" as provided by statute, in which event "the judgment rendered . . shall bind all his property," although the execution "shall be first levied on the property attached." § 8-901. "After the judgment has been obtained in any case of attachment, execution shall issue [and be levied] as in cases at common law, . . and the proceedings in all respects shall be the same, except that when the judgment only binds the property levied on by the attachment, as aforesaid, the execution shall be issued against such property only, and that property only shall be levied on and sold." § 8-903. Accordingly, where in an attachment proceeding the sheriff levied on a described lot of land, and after the filing of a declaration in attachment by the plaintiff and an appearance and filing of defenses by the defendant, the verdict and judgment expressly found in favor of the plaintiff as to the existence of a lien on the lot from the time of levy thereon, and a special judgment in rem against the lot, as well as a general judgment, the plaintiff in attachment had a special lien on such lot dating from the levy.

2. "When a judgment is in rem against a described piece of property, the defense of excessive levy does not lie." *Edwards* v. *Decatur Bank & Trust Co.,* 176 *Ga.* 194 (3), 198 (167 S. E. 292). This rule as to excessive levy, there applied to a special judgment on a security deed, has also been applied to a special judgment on a mortgage (*Howland* v. *Donehoo,* 141 *Ga.* 687, 691, 693, 82 S. E. 32, L. R. A. 1917B, 513), and has been given effect as to a special judgment and execution based on a materialman's lien, where no pre-existing title or lien was created by express agreement of the parties. *Foster* v. *Cotton States Electric Co.,* 172 *Ga.* 231 (4) (157 S. E. 636). The rule voiding excessive levies under tax execu-

tions is well recognized (*Vickers* v. *Hawkins,* 111 *Ga.* 119, 120, 36 S. E. 463; *Thomas* v. *Crawford,* 175 *Ga.* 863, 865, 166 S. E. 437, and cit.; *Bibb County* v. *Elkan,* 184 *Ga.* 520, 524, 192 S. E. 7, and cit.) ; but some doubt has been expressed as to the application of the rule with respect to excessive levies under executions for paving or street improvements. See *Wood* v. *Sommerfield,* 185 *Ga.* 441, 442 (195 S. E. 428) ; *Howland* v. *Donehoo* (supra). It will be seen, however, that an execution for street improvements, even though it be issued in rem, is a summary proceeding, and does not afford the defendant in execution an opportunity to appear and attack the excessiveness of the levy by affidavit of illegality, unless so authorized by statute (Code, § 39-1004), whereas in an attachment proceeding, where the levy must be followed by a declaration, the defendant has opportunity to appear and contest the excessiveness of the levy before a judgment is taken, setting up the special lien in accordance with the levy as made. See 7 C. J. S. 408, § 235, b; 6 C. J. §§ 451, 452, and cit. Under the foregoing rule, the levy made in accordance with the judgment of the court, setting up the special lien on the property levied on in attachment, was not excessive in a legal sense.

3. It appears from the order of the trial judge that the proposition of law dealt with in the preceding paragraph was not adjudicated, for the reason that counsel for the party claiming under the attachment levy and sale stated that "there was no issue of fact in the case," and that "the issue was whether the levy in the case was void on account of being excessive," and that no contention of law was then urged to the effect that, the levy being on property upon which a special lien and a judgment in rem had been set up and established, the levy could not for that reason be excessive. While reviewing courts will not consider questions which the record does not show were raised and determined in the trial court (*Hood* v. *Griffin,* 113 *Ga.* 190, 38 S. E. 409; *Trammell* v. *Woolfolk,* 68 *Ga.* 628 (2) ; *Bates* v. *Messer,* 76 *Ga.* 696 (1, a) ; *Durden* v. *Meeks,* 110 *Ga.* 319 (2), 35 S. E. 153; *Barham* v. *Weems,* 129 *Ga.* 704 (3), 59 S. E. 803; *Byrd* v. *Vance,* 158 *Ga.* 787, 790, 124 S. E. 705), in the absence of a waiver all questions will be considered as having been raised and determined in the trial court as judge and jury, which were made by the pleadings and supported by the undisputed evidence, even though the application of some

appropriate legal principle might not have been then specifically urged in support of a legal contention. It is "not only within the authority of the [appellate] court, but it is its duty, when a case is before it on a direct writ of error complaining of a judgment, to reverse the judgment when it is apparent from the record that in point of law the action was not maintainable, if the judgment was in favor of plaintiff, or the plea constituted no defense, if the judgment was in favor of the defendant." *Kelly* v. *Strouse,* 116 *Ga.* 872 (5), 887 (43 S. E. 280) ; *Horsley* v. *Woodley,* 12 *Ga. App.* 456 (2), 461 (78 S. E. 260). The quoted statement of counsel for the plaintiff in error, that the *facts* were uncontested, and that the issue was whether the levy was void on account of being excessive, does not amount to a waiver of his right under the law to claim that the levy was not excessive because it was based on a special lien and judgment in rem, as shown by the undisputed facts in the attachment record; and since it is apparent from the record and undisputed evidence that the plea of excessive levy constituted no defense to the plaintiff's claim of title, the judgment in favor of the defendants must be reversed on the specific exception pointing out such error. Especially is this true where, as here, the defendants in ejectment admitted a prima facie title in the plaintiff and assumed the burden of showing that its deed was void; and where, when argued in the trial court only by brief, the defendants themselves in their brief, presumably served on the plaintiff's counsel, "discussed 'Excessive Levy Under In Rem Judgments,' and submitted authorities" thereon.

4. The preceding rulings being controlling, it is unnecessary to consider the remaining exceptions, as to the disallowance of the plaintiff's amendments to its petition, seeking subrogation to the plaintiff in fi. fa. if the sheriff's levy and deed, under which the plaintiff claimed, should be held void; or as to the disallowance of the intervention adopting the plaintiff's amendments, and admitting its right to be thus subrogated.

*Judgment reversed. All the Justices concur, except Bell and Grice, JJ., who dissent.*