The PEOPLE of THE STATE OF COLORADO for the Use of Paul C. FIFIELD and Paul C. Fifield, Appellants,

v.

The OHIO CASUALTY INSURANCE COMPANY, an Ohio corporation, Don Lorenz, Fred Radenberg, and Hubert Breshears, Appellees.

No. 5272.

United States Court of Appeals
Tenth Circuit.

March 19, 1956.

J. R. Strickland, Denver, Colo., Richard Tull and Frank L. Hays, Denver, Colo., on the brief, for appellants.

Paul A. Hentzell, Denver, Colo., for appellees.

Before BRATTON, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

This is an appeal from an order of the District Court of Colorado dismissing appellants' action to set aside a deed by an Administratrix to the attorney for the estate, and to impress a trust upon the property for constructive fraud. The dismissal was based upon the view that the action was a collateral attack upon a judgment of the County Court of Routt County, Colorado, settling the estate and approving the sale. Federal jurisdiction is based upon diversity of citizenship and requisite amount in controversy.

According to the agreed statement of facts, upon ascertaining the identity of the purchaser of the real estate in question, the appellants filed a petition in the County Court praying for the revocation of letters testamentary of the Administratrix on the ground, among others, that the real estate had been sold to the attorney for the estate at less than its true value. On hearing, the County Court specifically found that the sale price was fair and equitable and the true value thereof; that the Administratrix had performed her duties as such and attended to the estate whenever called upon; and that no waste had resulted to the estate by reason of her acts, including the leasing and sale of the real estate. The petitioner was given twenty days in which to appeal. Meanwhile, the Administratrix was ordered to proceed to final settlement of the estate on January 5, 1953. This suit was commenced on November 18, 1952, before the final order of the County Court settling the estate.

---

Of course if the sale to the attorney for the Administratrix is against the public policy of the State of Colorado, hence null and void, the order of the County Court confirming the sale would likewise be void and subject to collateral attack. See Cochrane v. Parker, 12 Colo. App. 169, 54 P. 1027, 1029; People v. McKelvey, 19 Colo.App. 131, 74 P. 533; 21 Am.Jur. Executors and Administrators, § 635, p. 738. Some courts have held sales to attorneys for the administrator, like sales to the administrator himself, void, as against public policy of the state. West v. Waddill, 1898, 33 Ark. 575; Crider v. Simmons, 192 Ark. 1075, 96 S.W.2d 471, 474; Bank of Pine Bluff v. Levi, 90 Ark. 166, 118 S.W. 250, 252; De Vaughn v. Griffith, 149 Ga. 697, 101 S.E. 794; Shearman v. Cooper, 294 Ill. 314, 128 N.E. 559; In re Robbins' Estate, 94 Minn. 433, 103 N.W. 217. Cf. In re Bond & Mortgage Guarantee Co., 303 N.Y. 423, 103 N.E.2d 721.

■ But Colorado has not condemned the sale of estate property to the attorney for the administrator. Instead, it has impliedly at least condoned or approved the sale if it is shown to be an arm's-length transaction for its fair value. See Ryan v. Geigel, 25 Colo.App. 122, 136 P. 804, affirmed Ryan v. Geigel, 59 Colo. 589, 151 P. 1196. Our attention has not been called to any statutory law on the subject and we have found none. And so, we proceed on the premise that the sale to the attorney for the estate was not void, and the judgment approving such sale is therefore not subject to collateral attack.

The appellants do not challenge the County Court's jurisdiction of the parties or of the subject matter, or its power and authority to enter the judgment finally settling the estate, and they deny that this suit is a collateral attack upon that judgment. It is said instead that this suit to impress a constructive trust upon the property of the estate is one to enforce a duty upon the Administratrix essentially different in character from her duties involved in the probate of the estate—one cognizable in this court of general jurisdiction and beyond the limited jurisdiction of the County Probate Court. And see Porter v. Bennison, 10 Cir., 180 F.2d 523; Ferguson v. Patterson, 10 Cir., 191 F.2d 584; Rice v. Sayers, 10 Cir., 198 F.2d 724; Simler v. Wilson, 10 Cir., 210 F.2d 99; Erwin v. Barrow, 10 Cir., 217 F.2d 522.

■ Colorado courts have sustained general equity jurisdiction to inquire into "the acts of one performing the duties of an executor who has acquired the legal title to property through proceedings in a probate court in violation of a testamentary trust for the benefit of the cestui que trust, even though the inquiry may lead into the probate court * * *"; and upon such inquiry the court is empowered to set aside the sale of the trust property to the executor trustee and require an accounting. French v. Woodruff, 25 Colo. 339, 54 P. 1015. But, Colorado probate courts have unlimited and exclusive jurisdiction of matters growing out of the settlement of estates, including the power to vacate its order appointing an administrator. Glenn v. Mitchell, 71 Colo. 394, 207 P. 84; Williams v. Hankins, 82 Colo. 251, 258 P. 1114. And, a court of general jurisdiction in Colorado is without jurisdiction to interfere with or to correct such orders. Porter v. Bennison, supra.

■ Here, as we have seen, the appellants petitioned the County Court to discharge the Administratrix for fraudulent collusion with the attorney for the estate, specifically alleging fraudulent misconduct. The County Court entertained the petition, made specific findings of fact thereon and denied relief. And while the form of the relief sought here is different, the grounds therefor are the same. The County Court was undoubtedly empowered to grant the same relief sought here by the discharge of the Administratrix and the vacation of the sale before final settlement. The judgment denying the relief solely on the grounds of constructive fraud in the sale of the property to the attorney for the estate not being void, it would seem that this proceedings amounts to a collateral attack on a valid and conclusive

judgment of the County Court. Cf. Turner v. Alton Banking & Trust Co., 8 Cir., 166 F.2d 305, 310.

But even if this suit be brought within the rationale of French v. Woodruff, supra, the identical factual question was affirmatively presented to the Probate Court by the parties now seeking to relitigate it here because it was adverse to them, and we think they are estopped to do so. Bernhard v. Bank of America National Trust & Savings Ass'n, 19 Cal.2d 807, 122 P.2d 892; see Prof. Seavey's Note, 57 Harv.L.R. 98. And this is true even in the face of the questionable effect of determinations by courts of limited jurisdiction in proceedings beyond their jurisdiction. See Loomis v. Loomis, 288 N.Y. 222, 42 N.E. 2d 495, 147 A.L.R. 183; Geracy, Inc., v. Hoover, 77 U.S.App.D.C. 55, 133 F.2d 25, 147 A.L.R. 185; see also Annotation 147 A.L.R. 196; Restatement, Judgments, § 71; Scott, Collateral Estoppel by Judgment, 56 Harv.L.R. 1.

The judgment is affirmed.

HUXMAN, Circuit Judge (specially concurring).

I concur in Judge MURRAH'S opinion and place my concurrence especially upon what is said in the concluding paragraph thereof.