BERGMAN *v.* MANHATTAN RY. CO. *et al.*

*(Superior Court of New York City, General Term.* May 4, 1891.)

RIGHT TO JURY TRIAL—LEGAL AND EQUITABLE RELIEF.

 An action for both legal and equitable relief in respect of the same cause of action is not, as of right, triable by jury, under the constitution of the state of New York.

Appeal from special term.

Action by Michael Bergman against the Manhattan Railway Company and the Metropolitan Railway Company, to enjoin the continuance of defendants' elevated railroad in front of plaintiff's premises on Sixth avenue in the city of New York. Defendants appeal from a judgment for plaintiff, entered on trial by the court without a jury, which restrained defendants from operating their road, unless within a specified time they should pay plaintiff the sum of $5,500, and obtain from him a grant and release of his easement in the street.

Argued before SEDGWICK, C. J., and MCADAM, J.

*Davies & Rappallo,* for appellants. *Peckham & Tyler,* for respondent.

MCADAM, J. The principles regulating the rights and liabilities of abutting owners with reference to elevated roads have been so often declared that the adjudications have become too familiar to require citation. It is necessary only to refer to the points which it is claimed are not embraced within the general principles decided. At the opening of the trial the defendants insisted that they were entitled to a jury trial by the constitution of the state and the provisions of the Code of Procedure. The claim was overruled, and defendants excepted. The ruling was proper. This court decided in *Sears* v. *Railroad Co.,* 13 N Y Supp. 886, (opinion Feb. Gen. Term, 1891,) that "when a plaintiff brings an action for both legal and equitable relief in respect of the same cause of action the case presented is not one of right triable by jury under the constitution;" citing *Cogswell* v. *Railroad Co.,* 105 N. Y. 319, 11 N E. Rep. 518. This disposes of the only novel question raised. The evidence fully sustains the findings of fact, and the rules of law were properly observed and applied by the trial court. The exceptions taken by the defendants' counsel are without merit, and the judgment appealed from must be affirmed, with costs