## JEFFERSON FIRE INSURANCE COMPANY *v.* BRACKIN.

1. It was not erroneous to overrule a special demurrer to the allegation in the petition, viz.: "A copy of said proof of loss and the offers therein contained is hereto attached."
2. It was not erroneous to overrule the special demurrers to the following allegations in the petition: "That there is no reason in law or morals why payment should be delayed; that petitioner has offered to comply with each and every term of said policy, and to submit to any examination, has always been ready and willing and is now ready and willing to furnish all of the information within his knowledge; and the failure and refusal of said company, the Jefferson Fire Insurance Company of Philadelphia, to pay said loss is willful and malicious and done with the view and intent to injure and damage your petitioner and to force petitioner into useless and unnecessary litigation."
3. Where a fire-insurance policy contains what is known as the "iron-safe clause," this clause is a warranty binding on the insured; and where the plaintiff suing on such a policy shows by his petition that the policy contains such a clause, but fails to allege compliance therewith, or reasons for non-compliance, no cause of action is set out.
4. "Where a demurrer is improperly overruled, and the case proceeds to trial, all that takes place in the trial subsequently to the overruling of the demurrer is nugatory."

JUNE 12, 1917.

Action upon insurance policy. Before Judge Cox. Decatur superior court. June 13, 1916.

*Smith, Hammond & Smith* and *Will H. Krause,* for plaintiff in error. *T. S. Hawes,* contra.

GILBERT, J. This is a suit brought on a fire-insurance policy issued by the defendant, and covering the property of the plaintiff. The plaintiff alleges that the property insured was destroyed by fire, and that the proper proofs of loss have been forwarded to the

company. A copy of the policy is attached and referred to in the petition as "Exhibit A," and the petition further alleges that the policy "contains what is termed an iron-safe clause." The prayers are for the principal sum named in the face of the policy, and also for damages and attorney's fees. The case has been twice before the Supreme Court upon the question of jurisdiction. *Brackin* v. *Jefferson Fire Ins. Co.,* 137 *Ga.* 450 (73 S. E. 668) ; *Jefferson Fire Ins. Co.* v. *Brackin,* 140 *Ga.* 637 (79 S. E. 467). The petition was attacked by numerous special demurrers, some of which were sustained, and others overruled. The defendant's attorneys, after the ruling and judgment of the court on the special demurrers, demurred generally to the petition as amended, and moved to dismiss the same, "because no cause of action was set forth, and because the petition as amended affirmatively showed that the assured had not complied with the iron-safe clause set out in the body of the policy." Whereupon the court ordered and adjudged that the general demurrer and motion to dismiss be overruled. A verdict was returned in favor of the plaintiff for the face amount of the policy, but without damages or attorney's fees. A motion for a new trial was overruled. Error is assigned on all of the rulings adverse to the defendant, now the plaintiff in error.

1. It was not erroneous to overrule a special demurrer to the allegation in the petition, "A copy of said proof of loss, and the offers therein contained is hereto attached," etc., on the ground that "what is contained in the proof of loss is not evidence for the plaintiff, and the statements therein contained are not admissible to prove any facts therein stated." We concur with the plaintiff in error that such an allegation is neither proof nor admission in behalf of the plaintiff, and does not relieve the plaintiff of the necessity of proof. This, however, is not a valid objection to making such an allegation in the petition.

2. The second headnote requires no elaboration.

3. It was error to overrule the general demurrer to the amended petition. As is shown in the statement of facts, a copy of the insurance policy was attached, and from this policy it appears that the "iron-safe clause" was a part of the face of the policy. Indeed, the petition alleges that the policy contained an "iron-safe clause." As was held in *Scottish Union &c. Ins. Co.* v. *Stubbs,* 98 *Ga.* 754 (27 S. E. 180), "A clause in a fire-insurance policy binding the

assured to keep certain books and to preserve them at night in an iron safe, or keep the same in some place not exposed to a fire which would destroy the building in which the business of the insured was being conducted, and stipulating that in the event of failure to produce such books for the inspection of the company, the policy should be null and void, was a warranty on the part of the insured, and not a mere representation." These stipulations constituted conditions precedent to the bringing of the action upon the policy, and compliance with the terms of such stipulations, or satisfactory reasons for non-compliance, should have been alleged. *Southern Mutual Ins. Co.* v. *Turnley,* 100 *Ga.* 296 (27 S. E. 975). There being such a clause in the policy sued on in this case, the petition, containing none of the necessary allegations in regard to compliance therewith, nor reasons for non-compliance, did not set forth a cause of action.

4. Since the court erred in overruling the general demurrer, the trial thereafter was nugatory, and this court can not pass upon assignments of error in regard to proceedings subsequent to such rulings. *General Supply &c. Co.* v. *Lawton,* 131 *Ga.* 375 (62 S. E. 293). *Judgment reversed. All the Justices concur.*