BRACKIN *v.* JEFFERSON FIRE INSURANCE COMPANY·

Where a judgment overruling a general demurrer to the plaintiff's petition was reversed by this court, and that judgment was made the judgment of the court below, and where thereupon the case was taken from the docket but subsequently restored, and neither the non-resident defendant nor its counsel, who were also non-residents, had notice of the restoration of the case to the docket, nor of an amendment which had been filed, and the case was placed upon the trial calendar of the court and called for trial and a verdict and judgment were rendered for the plaintiff, it was not error for the court to sustain a motion in arrest of such judgment.

No. 1139.    SEPTEMBER 2, 1919.

Motion to set aside judgment. Before Judge Spooner (of the city court of Bainbridge). Decatur superior court. July 11, 1918.

*T. S. Hawes* and *John R. Wilson,* for plaintiff.

*Smith, Hammond & Smith, Pope & Bennet,* and *Hartsfield & Conger,* for defendant.

BECK, P. J. Brackin brought suit on a policy of fire insurance against Jefferson Fire Insurance Company of Philadelphia, returnable to the May term, 1910, of the superior court of Decatur County. On the 5th day of July, 1912, upon a trial of the case, a verdict and judgment were obtained by Brackin against the company. Subsequently, on a judgment consented to by counsel who represented Brackin and counsel for the company, an order was taken at chambers, and in another county from that where the case was pending, setting aside this verdict and judgment. On January 5, 1915, the case came on again for trial, and a verdict and judgment were rendered in favor of Brackin against the company. This was brought to the Supreme Court for review; and among other questions raised in the record was one involving the judgment of the court below overruling a general demurrer to the plaintiff's petition. This judgment was reversed. 147 *Ga.* 47 (92 S. E. 930). On June 25, 1917, during vacation, the remittitur from the Supreme Court was filed in the office of the clerk of the superior court of Decatur County, and at the next term of the superior court, convened on November 12, 1917, Hon. W. M. Harrell, judge of the superior court, passed an order in open court making the judgment of the Supreme Court the judgment of the superior court; and the remittitur, with the judgment and order of the superior court making the judgment of the Supreme Court the judgment of the superior

court, were duly entered on the minutes of the superior court, and the case was taken from the docket of the said superior court. Subsequently the case was restored to the docket, but neither the insurance company nor its counsel had notice of this. The case was also taken up and set for trial without notice to the insurance company or its counsel. A verdict was rendered in favor of the plaintiff, Brackin, and a judgment entered thereon. A motion in arrest of judgment, upon the grounds indicated above, was made by the insurance company. The court sustained this motion, and the plaintiff excepted.

The court properly sustained the motion in arrest of judgment. The grounds of the motion, which are not controverted, required the judgment sustaining the motion. The judgment rendered by Judge Harrell, making the judgment of the Supreme Court the judgment of the superior court, was not void, even if it was voidable. His alleged disqualification was because of his relationship to counsel for the plaintiff and his former interest adverse to the insurance company. Whether or not after the judgment of the Supreme Court was made the judgment of the court below, inasmuch as the judgment of the reviewing court reversed a judgment overruling a general demurrer to plaintiff's petition, the plaintiff could amend, is not decided. There are cases decided by this court apparently holding that, an amendment such as was offered by the plaintiff could not be made. But that question is not now passed upon. The case was taken from the docket by an officer of the court, and treated as one finally disposed of. The non-resident defendant and non-resident counsel, there being no local counsel at the time, should have had notice of this restoration of the case to the docket, and a verdict and judgment taken without notice to them should not be allowed to stand.

We do not now pass upon the question made by the record as to whether or not the first verdict and judgment were effectually set aside by the order passed at chambers upon a consent entered by counsel of record for the insurance company and the plaintiff. If that first verdict and judgment are still of force, that affords no reason why the last verdict and judgment should not be set aside. The judgment of the court sustaining the motion in arrest of judgment is sustained.

*Judgment affirmed. All the Justices concur.*