SOUTHERN RAILWAY COMPANY *v.* WILLIAMS *et al.*

HINES, J. 1. A deed to land, absolute on its face and accompanied with possession of the property, can not be proved (at the instance of the parties), by parol evidence, to be a mortgage only, unless fraud in its procurement is the issue to be tried. Civil Code (1910), § 3258.

2. Where tenants in common of a tract of land conveyed the same by quitclaim deed to a third person to secure a loan, but remained in possession of the land, and the grantee in such security deed was never in possession thereof, the heirs at law of one of said tenants in common, who died after the execution of said deed, can, as against the grantee in such deed, show by parol that the same was made only to secure a debt for money borrowed. *Lowe* v. *Findley,* 141 *Ga.* 380 (2), 382 (81 S. E. 230); *Waller* v. *Dunn,* 151 *Ga.* 181 (106 S. E. 93); *Copelin* v. *Williams,* 152 *Ga.* 692 (111 S. E. 186).

3. Where John Maddox, one of said cotenants, conveyed to Ida Copelin by warranty deed his one-half interest in said land, the latter and Mollie Maddox became owners thereof as tenants in common; and both were entitled to possession thereof. Such possession of Ida Copelin would not preclude her cotenant or the heirs of the latter from proving that the deed referred to above in headnote 2 was made to secure debt.

4. Where Ida Copelin, after procuring said deed from John Maddox for his one-half interest in said land, and after the death of Mollie Maddox, for the sole purpose of curing a defect in the title to said property, procured Anna Moore to execute and deliver to her a quitclaim deed to said property, and where thereafter Ida Copelin sold and conveyed by warranty deed said land to the Southern Railway Company, the latter company having notice and knowledge of the rights of Mollie Maddox and her heirs at law in said land, and where said company took possession of said land to the exclusion of said heirs at law, said possession of said Ida Copelin and said Southern Railway Company was not such as to preclude the heirs at law of said Mollie Maddox from showing by parol evidence that the above deed from John Maddox and Mollie Maddox to Anna Moore was one made to secure a debt, and was not intended as an absolute conveyance of said property, both of said parties taking their deeds with notice of the rights of said Mollie Maddox and her heirs at law. Where after the execution of an absolute deed to secure debt the person claiming under the grantee in such deed takes possession of the land without the consent of one of the grantors in said security deed, possession thus acquired will not prevent said grantor in·such quitclaim security deed, or her heirs at law, from showing by parol that said deed was given only to secure an indebtedness due the grantee therein. *Berry* v. *Williams,* 141 *Ga.* 642 (81 S. E. 881); *Copelin* v. *Williams,* supra.

5. The petition alleges that the debt secured by the quitclaim deed from John Maddox and Mollie Maddox to Anna Moore had been paid by John Maddox, and that the lien held by the said Anna Moore against said property under said deed had been discharged. Assuming that John Maddox would be entitled to contribution from his cotenant or her heirs at law by reason of this fact, and that he would be subrogated to the rights of the grantee in said security deed, these facts would not make the plaintiffs in this case liable to the defendant, the Southern Railway Company, for this indebtedness, as no facts appear which would subrogate that company to the rights of John Maddox. Furthermore, the petition alleges that the defendant has been in possession of this land and has received the rents thereof since August 9, 1918, of an annual value of $120. So if the plaintiffs were liable to the defendant for this indebtedness, an accounting would be necessary in order to determine the amount due. Under these circumstances no formal tender of the actual amount which may be due under this security deed was necessary. *Wynne* v. *Fisher,* 156 *Ga.* 656 (119 S. E. 605); *Fletcher* v. *Fletcher,* 158 *Ga.* 899 (124 S. E. 722). If on the trial it should appear that the debt had been partially but not wholly discharged, and that for any reason the defendant was entitled thereto, a verdict could be rendered declaring the amount of

the debt remaining unpaid, and finding the property for the plaintiffs upon the payment of such amount. *Berry* v. *Williams,* supra.

6. Applying the above principles, the court did not err in overruling the demurrer to the petition.

*Judgment affirmed. All the Justices concur, except Gilbert, J., absent for providential cause.*

No. 4868. JUNE 20, 1925.

Complaint for land. Before Judge Malcolm D. Jones. Bibb superior court. April 14, 1925.

Annie M. Williams, Willie Williams, and Annie Williams as next friend for Rosa Pierce, a minor, brought suit against the Southern Railway Company; and made these allegations: They and John Maddox are the only heirs at law of Mollie Maddox, deceased. They are the owners of a one-half undivided interest in a described tract of land. They claim title to said undivided interest by reason of the facts hereinafter set out. Said land was conveyed by T. F. and Mary Whitehead to Emma Maddox, together with the children of her body at her death, by deed dated May 28, 1883. Emma Maddox died intestate, leaving John Maddox and Mollie Maddox as her sole heirs at law. Mollie Maddox, their mother, died on November 12, 1915, leaving no debts, and leaving petitioners as her sole heirs at law. There has been no administration upon her estate. In January, 1903, John and Mollie Maddox borrowed from Anna Moore $175, and conveyed to Anna Moore, by quitclaim deed, the property herein described as security for said loan. John and Mollie Maddox remained in possession of said land, and Anna Moore never at any time had possession thereof. On January 15, 1914, John Maddox conveyed his one-half interest in said land to Ida Copelin, by warranty deed. At and before the execution and delivery by John Maddox of his deed to Ida Copelin, above referred to, she knew that Anna Moore held a claim of debt against the property described in said deed, for money loaned by her to John and Mollie Maddox. The agreed purchase-price between Ida Copelin and John Maddox was $700. Ida Copelin recognized and conceded that Anna Moore had no title to the property which she desired to purchase, and the agreed purchase-price was turned over by her to John Maddox with the understanding and agreement that he would pay off and fully discharge the indebtedness against the property held by Anna Moore out of said $700. John Maddox, prior to the execu-

tion and delivery of the said deed and in pursuance of said agreement with Ida Copelin, paid Anna Moore the sum of $242.38, the amount of principal and interest due on said indebtedness, and discharged the lien held by Anna Moore against said property. After John Maddox had paid the indebtedness due Anna Moore, and thereby extinguished the lien held by her against said property, Ida Copelin, for the sole purpose of curing a defect in the title to said property, procured Anna Moore to execute and deliver to her a quitclaim deed to said property, well knowing at the time that Anna Moore had no right, title, or interest in said property which had passed under said deed by John Maddox to Ida Copelin. On August 9, 1919, Ida Copelin sold and conveyed said land by warranty deed to the Southern Railway Company, for the sum of $1,500. At the same time she agreed with the defendant to account to and settle with petitioners for their interest in said land. The defendant, at the time of the purchase of the said land from Ida Copelin, had notice of the fact that petitioners owned a half interest in said premises. They are now tenants in common with the defendant in the ownership of said land, each owning a half undivided interest therein. The defendant has entered upon said premises and is now holding the same to the exclusion of petitioners, is claiming to be the sole owner thereof, and is denying that petitioners have any title. The defendant is claiming to be the exclusive owner of said land under the recorded deed from Ida Copelin, and its entry and possession are referred to said title. Petitioners have been ousted, and defendant's possession is adverse to their claims. The defendant has received the rents of said land since August 9, 1918, of the annual value of $120. The defendant refuses to convey or to deliver to petitioners their interest in said land, or to account to them for their half of the rents thereof. Prior to the institution of this suit petitioners tendered to Ida Copelin one half of the amount paid by her on the Anna Moore debt, plus interest to the date of the tender, which she refused to accept. Petitioners pray for judgment for a half undivided interest in said land, together with one half of the mesne profits.

The defendant demurred to the petition upon the grounds: (1) that it sets forth no cause of action, plainly, fully, and distinctly; (2) that the facts alleged therein show plaintiffs are not entitled

to recover; (3) that plaintiffs can not recover any interest in the land sued for, without having paid or tendered to Ida Copelin all of the debt of John and Mollie Maddox secured by the title to the land conveyed by them to Anna Moore, and which title Anna Moore conveyed to Ida Copelin, and which Ida Copelin conveyed to the defendant; and (4) that plaintiffs can not recover any interest in this land without having paid or tendered to this defendant all of said debt. The court below overruled this demurrer, and the defendant excepted.

*Harris, Harris & Popper, John R. L. Smith, Grady C. Harris,* and *J. LeConte Smith,* for plaintiff in error.

*Brock, Sparks & Russell,* contra.