WOOD *et al. v.* SOMMERFIELD *et al.*

No. 11988. FEBRUARY 17, 1938.

*George B. Rush,* for plaintiffs in error.

*Heyman & Heyman* and *W. P. Bloodworth,* contra.

RUSSELL, Chief Justice. An execution based on a paving assessment directed the marshal that "of the goods and chattels, lands and tenements of . . to wit: of a certain city lot in the City of Atlanta, . . fronting 50 feet on the east side of Martin Street . . and running back 40 [140] feet, more or less, . . you cause to be made by levy and sale sufficient thereof to make the sum of" $99.60. This fi. fa. was levied on the entire lot described. Located on this land were three dwellings, a two-story apartment-house fronting on Martin Street, and two smaller houses fronting on an alley. At the marshal's sale the property was sold for $205.79. In an equitable petition praying for avoidance of the deed executed by the marshal in pursuance of the sale, and a judgment for the rents, issues, and profits received from the property since the date of the marshal's deed, instituted by the purchasers of the property at a foreclosure sale under a security deed (petitioners being the grantees in the security deed), it was alleged that "said property was of the fair and reasonable value

of $4000 at the time of sale, and was capable of division; that the amount of said street-paving execution was only approximately $200, and that the portion of the property fronting 20 [80] feet on an alley and having two small duplexes thereon could have been sold for enough to have paid all charges which had accrued in connection with street-paving assessment, and to levy upon and sell the entire property constituted an excessive levy and made the sale void." The court overruled demurrers to the petition, and the defendants excepted.

1. Whether or not the fi. fa. involved in this case, issued to enforce payment of a paving assessment, is an execution in rem, so that a levy made in pursuance thereof is not subject to attack on the ground of excessiveness, as claimed by the plaintiffs in error, need not be decided. The fi. fa. did not direct the marshal to levy on the entire tract of land, but only on "sufficient thereof" to satisfy the execution. As alleged in the petition, the property levied on consisted of two separate lots, one fronting 50 feet on a street and having located thereon a two-story apartment-house, and one fronting 80 feet on an alley and having located thereon two small tenant-houses, and the last named lot "could have been sold for enough" to discharge the execution. Under these allegations the levy on both the lots was excessive, and the deed made to the purchaser at a sale thereunder was void. *Thomas* v. *Crawford,* 175 *Ga.* 863 (166 S. E. 437), and cit. A different conclusion is not required by the recital in the marshal's deed as to "first offering for sale 5 feet front of said lot, and receiving no bid from any one, next offering 10 feet front of said lot, and receiving no bid from any one," etc., until the entire lot was offered. *McDaniel* v. *Thomas,* 162 *Ga.* 592 (9) (133 S. E. 624). The property could have been subdivided for the purposes of levy, since it consisted of separate houses and lots. *Thomas* v. *Crawford,* supra.

2. In view of the rulings made above it is unnecessary to determine the sufficiency or insufficiency of the allegations of fraud contained in the petition, because the foregoing requires an affirmance of the judgment overruling the demurrers to the petition.

*Judgment affirmed. All the Justices concur.*