MARIETTA REALTY AND DEVELOPMENT COMPANY *v.* REYNOLDS *et al.*

No. 13029. OCTOBER 19, 1939.

*Hirsch & Smith, A. S. Clay, Blair & Gardner, George D. Anderson,* and *D. F. McClatchey,* for plaintiff in error.

*Morris & Welsch, Fred Morris,* and *Carmichael & Grove,* contra.

DUCKWORTH, Justice. ■ The allegations of the petition were sufficient to show that the sales were void for excessive levy. *Williams* v. *Forman,* 158 *Ga.* 89 (5) (123 S. E. 20); *Thomas* v. *Crawford,* 175 *Ga.* 863 (166 S. E. 437); *Wood* v. *Sommerfield,* 185 *Ga.* 441 (195 S. E. 428); *Zugar* v. *Scarbrough,* 186 *Ga.* 310, 319 (197 S. E. 854). The petition stated a cause of action for cancellation of the deeds made in pursuance of the void levies.

■ "He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit." Code, § 37-104. Ordinarily, before one would be entitled to have a tax sale set aside and deeds executed in pursuance thereof canceled on the ground that the levy of the execution was excessive, he must tender to the purchaser at such sale the amount paid by such purchaser, with interest. *Clark* v. *C. T. H. Cor.,* 181 *Ga.* 710 (11) (184 S. E. 592); *Bibb County* v. *Elkan,* 184 *Ga.* 520 (2) (192 S. E. 7); *Durham* v. *Smith,* 186 *Ga.* 565 (2) (198 S. E. 734). In the instant case it is contended that the petition was subject to demurrer, because the plaintiff had failed to tender to the realty company the amount which it expended to obtain the tax deeds from Cobb County and the City of Marietta. In the petition it was alleged that this defendant had for more than four years collected from the realty involved rents and profits amounting to more than $100 per month. As shown by exhibits attached to the petition, the amount paid by the defendant for the deeds in question, with interest to the date of filing the suit, was approximately the amount alleged to have been received as rents and profits during the last four years. These facts were sufficient to authorize the accounting for which the petitioner prayed; and under these circumstances a tender was not necessary. *Wynne* v. *Fisher,* 156 *Ga.* 656 (2) (119 S. E. 605); *Jones* v. *Laramore,* 149 *Ga.* 825 (2) (102 S. E. 526); *Fletcher* v. *Fletcher,* 158 *Ga.* 899 (6) (124 S. E. 722); *Southern Railway Co.* v. *Williams,* 160 *Ga.* 541 (5) (128 S. E. 681); *Zugar* v. *Scarbrough,* supra. It is contended, however, that in seeking an accounting and other equitable relief the petitioner does not show an intention to do equity by offering to account to the defendant for such funds as it may have expended for taxes and improvements on the property while it has been in possession thereof. There is no merit in this contention. "Any one going into a court of equity and asking its

aid, whether that aid be such as could be obtained in a court of law, or whether it be of a character obtainable only in a court of equity, submits himself . . to the imposition of such terms as well-established equitable principles would require." *Charleston & Western Carolina Ry. Co.* v. *Hughes,* 105 *Ga.* 1, 21 (30 S. E. 972, 70 Am. St. R. 17). "A petition for an accounting need not offer to pay a balance if found against complainant." Code, § 37-307. If an accounting should be granted to the complainant, she would be liable for any sum that might be found to be due by her to the defendant. *Mackenzie* v. *Flannery,* 90 *Ga.* 590 (10) (16 S. E. 710). See *Southern Railway Co.* v. *Williams,* supra.

The petition was demurred to on the ground that the complainant was guilty of laches, for lack of diligence in filing this suit. "Equity gives no relief to one whose long delay renders the ascertainment of the truth difficult, though no legal limitation bars the right." Code, § 37-119. However, one in possession of land is not chargeable with laches in failing to bring suit to cancel deeds. *Smith* v. *Burrus,* 139 *Ga.* 10 (2) (76 S. E. 362); *Echols* v. *Green,* 140 *Ga.* 678 (3) (79 S. E. 557). Although some of the tax levies and sales complained of took place more than seven years before this suit was filed, it does not appear that the defendants in fi. fa. have been deprived of possession for that length of time. The petition does not disclose the exact date when the complainant was deprived of possession of the land to which she claims a life estate, but it is alleged that the realty company has had possession for more than four years; and construing the petition most strongly against her, it would seem that she was deprived of possession almost seven years before filing suit. At the time the other parcels of realty involved were sold they were in the possession of Mrs. Guyton, complainant's sister, who, according to the petition, obtained the land from her father's estate, with the condition that if she died without bodily heirs it should revert thereto. She died in May, 1935, without bodily heirs, and it was then that the complainant, as one of the five heirs of her father's estate, became entitled to one-fifth undivided interest therein. She thereafter waited about three and a half years before filing this suit. It was alleged that the realty company had notice of the condition of the title of the properties involved, at the time it obtained its deeds.

Also, it does not appear that the defendant has been led by the petitioner's delay to make valuable improvements, or otherwise to act in such manner as to make it difficult for a court of equity to do justice between the parties, and it was not incumbent on the petitioner to allege the absence of such facts. 19 Am. Jur. 354, § 510. In view of the condition of the title, of which the defendant had notice, and of the lack of facts showing a change of situation, we think the court properly refused to sustain the demurrer on the ground of laches. See *Equitable Building & Loan Asso.* v. *Brady,* 171 *Ga.* 576 (2) (156 S. E. 222); *Citizens & Southern National Bank* v. *Ellis,* 171 *Ga.* 717 (3) (186 S. E. 603); *Bleckley* v. *Bleckley,* 189 *Ga.* 47 (5 S. E. 2d, 206).

■ The plaintiff in error filed special demurrers to several paragraphs of the petition, on the ground that certain allegations therein were mere conclusions of the pleader. The paragraphs attacked stated, in substance, that by reason of certain facts stated above the tax sales and the deeds made in pursuance thereof were void. The conclusions were supported, at least in part, by the facts alleged, and the court did not err in overruling these grounds of demurrer. See *Western & Atlantic Railroad Co.* v. *Roberts,* 144 *Ga.* 250 (86 S. E. 933); *Jefferson Fire Ins. Co.* v. *Brackin,* 147 *Ga.* 47 (2) (92 S. E. 930); *Southern States Portland Cement Co.* v. *Helms,* 2 *Ga. App.* 308 (58 S. E. 524); *Pacetti* v. *Central of Georgia Railway Co.,* 6 *Ga. App.* 97 (3) (64 S. E. 302); *Tufts* v. *Threlkeld,* 31 *Ga. App.* 452 (5) (121 S. E. 120). One ground of demurrer attacked a paragraph of an amendment wherein it was alleged that certain sales by the City of Marietta, at which the demurrant was the purchaser, had never been completed by payment of the purchase-money to the city marshal. The petition with the exhibits disclosed that the sales in question were for street-paving assessments made by authority of a special act of the General Assembly. Ga. L. 1917, p. 757. The relevant portion of the demurrer was as follows: "Paragraph 1 of the amendment is demurred to on the ground that even if the allegations of said paragraph were true, they could have no legal effect in this suit. The paragraph refers to the City of Marietta's bidding in at a tax sale property sold to meet the ad valorem taxes of said city. Municipal corporations are clearly authorized to bid in property, and there is no requirement of law that there be a passing of

money at such sale." It is apparent from the demurrer and the briefs filed in this court that the demurrer was based on the ground that the sales were made under executions for ad valorem taxes due the city, and that no attempt was made to question the sufficiency of the allegations with respect to sales for street-paving assessments. It may be that sales made in pursuance of assessments authorized by the special act of the legislature are governed by the same provisions of law as those for ad valorem taxes, and it may be that payment by the city to the marshal is not required in either case, but these are questions which we do not decide, because it is clear that the demurrer did not present this question to the trial court or to this court. A demurrer, being a critic, must itself be free from imperfection. The grounds of demurrer being without merit, the court did not err in overruling them.

*Judgment affirmed. All the Justices concur.*