FOWLER *et al. v.* LATHAM *et al.*

No. 15772. MAY 16, 1947.

*S. T. Allen* and *R. B. Blackburn,* for plaintiffs.

*J. V. Poole* and *Thomas E. McLemore,* for defendants.

JENKINS, Chief Justice. The trial judge in dismissing the two amendments as to Quillian, executor, used the following language in his order: "The court is of the opinion that the effect of the dismissal of the action by nonsuit as to Quillian was to entirely eliminate him from the case, and the plaintiffs had no right after return of the case to this court and even before the remittitur was signed to amend their petition by seeking to hold Quillian as executor in the case as a party, and attempt to carry on the action in the same case as against Quillian as executor and pray for relief that was sought originally, or by amendment set up new claims

on an additional cause of action as against Quillian. The grant of the nonsuit in this case as to Quillian as executor is analogous to the dismissal of the party defendant on general demurrer, which action is affirmed by the Supreme Court, and thereafter the plaintiffs would not have any right, upon return of the case to the court below, even before signing of the remittitur, to amend the petition and seek to hold the defendant in court. See, in this connection, *Kehr* v. *Floyd Co.,* 135 *Ga.* 424 (69 S. E. 550) ; *Durham* v. *Smith,* 188 *Ga.* 233 (3 S. E. 2d, 719). Wherefore, the prayers of F. A. Quillian, executor, to dismiss and strike the two aforesaid amendments are stricken in so far as F. A. Quillian, executor, is concerned from the record in this case, and the temporary injunction heretofore granted on said amendment is vacated and dissolved in so far as may pertain to the defendant F. A. Quillian." We think that the ruling and reasoning of the trial court are sound.

The plaintiffs in error cite cases for the purpose of showing: (1st) that in a proceeding such as was pending against the defendants in this case an amendment to require an accounting would have been permissible (*Southern Ry. Co.* v. *Williams,* 160 *Ga.* 541, 542 (5), 128 S. E. 681) ; and (2d) that in like manner an amendment would also have been permissible for the purpose of showing that the property here involved was worth in excess of the amount of the executor's lien, and that such property was capable of subdivision in a manner to satisfy an execution excluding the twelve acres here in dispute (*Marietta Realty Co.* v. *Reynolds,* 189 *Ga.* 147, 5 S. E. 2d, 347). The question here involved is not, however, the propriety of such amendments as related to a defendant which the court still has before it; but the question is whether the executor lienholder can be thus held in court by such amendments after he has been granted a nonsuit by the trial court, and when the judgment thus discharging him has been unconditionally affirmed by this court. On the contention that resort can be had by amendment to these two remedies after a nonsuit has been granted and affirmed by this court without condition or direction, the plaintiffs in error rely on the ruling by this court in *Irons* v. *American Nat. Bank,* 178 *Ga.* 160 (172 S. E. 629).

The *Irons* case fully recognizes that after a general demurrer to a petition has been sustained and the whole case dismissed, and that judgment affirmed by the Supreme Court without condition

or direction, the petition is not thereafter amendable, and cites numerous cases to that effect. In the *Irons* case, the issue determined related solely to the jurisdiction over the person of the defendant, and the court in that case held that a judgment dismissing this particular defendant from the case on that specific ground did not adjudicate the merits of the whole litigation, and that therefore an amendment proceeding against certain of his property in rem was allowable. That is to say, the effect of the ruling in the *Irons* case was that the merits of the litigation had in no wise been determined, and for that reason the amendment of the nature indicated was permissible. In this case, the grant of an order of nonsuit as affirmed by this court without condition or direction went to the merits of the controversy; and the party defendant being out of court, an amendment would be just as improper as in cases where a general demurrer had been sustained, and the case dismissed for that reason. It follows that the case relied on by the plaintiffs in error is not controlling, and the lower court did not err in dismissing the amendments as to Quillian the executor. *Judgment affirmed. All the Justices concur.*