WELLBORN *v.* JOHNSON.

No. 16366.   OCTOBER 13, 1948.

392

*Fine & Efurd,* for plaintiff in error.

*Raymond M. Reed* and *Phillips & Johnson,* contra.

GROVES, Justice. (After stating the foregoing facts.) ■ The allegations of the petition were sufficient to set out a cause of action for cancellation of the deed based upon confidential relationship existing between the parties and allegations pertaining to fraud in the procurement of said deed. *Jones* v. *Hogans,* 197 *Ga.* 404 (29 S. E. 2d, 568).

Taking the allegations of the petition to be true, as must be done in considering general demurrers, the petition in both count 1 and count 2 set forth a cause of action, and it was not error to overrule the general demurrer thereto. *Mullins* v. *Barrett,* 203 *Ga.* 11 (48 S. E. 2d, 842).

A general demurrer to a petition will not be sustained if the facts entitle the plaintiff to any of the substantial relief prayed. *Arteaga* v. *Arteaga,* 169 *Ga.* 595 (4), (151 S. E. 5); *McLaren* v. *Steapp,* 1 *Ga.* 376; *Dyson* v. *Washington Telephone Co.,* 157 *Ga.* 67 (3), 78 (121 S. E. 105); *Blaylock* v. *Hackel,* 164 *Ga.* 257 (5), (138 S. E. 333); *Mullins* v. *Barrett,* 203 *Ga.* 11 (supra).

■ The plaintiff in error filed 26 special demurrers to count 1 and 33 special demurrers to count 2 of the original petition, and 16 special demurrers to counts 1 and 2 of the amended petition. In considering the special demurrers, we will group paragraphs 1 to 26 inclusive of the special demurrers to count 1 of the original petition, and paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, and 30 (excluding paragraphs 12, 31, 32, and 33, which will be taken up separately) of the special demurrers to count 2 of the

original petition, and also paragraphs 2, 3, 4, 5, 6, and 7 of the special demurrers to count 1 of the amended petition, and paragraphs 8, 9, 10, 11, 12, 13, 14, 15, and 16 of the special demurrers to count 2 of the amended petition, since these special demurrers attacked specified paragraphs of the petition on the ground that the allegations therein were mere conclusions, irrelevant and immaterial. The conclusions were supported by the facts as alleged in the petition, and the allegations attacked as being irrelevant and immaterial were necessary to show confidential relations existing between the parties.

It is not error to overrule special demurrers to allegations of a petition on the ground that such allegations are mere conclusions, where such conclusions are supported by facts alleged. And where grounds of demurrer are confusing and uncertain, since a demurrer must itself be free from fault, such demurrer will be overruled. *Marietta Realty & Development Co.* v. *Reynolds,* 189 *Ga.* 147 (4) (5 S. E. 2d, 347); *Western & Atlantic R. Co.* v. *Roberts,* 144 *Ga.* 250 (86 S. E. 933); *Jefferson Fire Ins. Co.* v. *Brackin,* 147 *Ga.* 47 (2) (92 S. E. 930).

■ In paragraph 12 of the demurrer to count 2, the defendant demurs specially to paragraph 51 for the reason that said paragraph sets out conclusions of the pleader, attempting to set out as an excuse ignorance of the law. The petitioner alleges in paragraph 51 of count 2 that she "did not know at the time she conveyed said property to defendant that in order for her to make a valid conveyance of her property to her husband it would be. necessary for the conveyance to be approved by the superior court." Code § 37-209 states: "Ignorance of law—Mere ignorance of the law on the part of the party himself, where the facts are all known, and there is no misplaced confidence, and no artifice or deception or fraudulent practice is used by the other party either to induce the mistake of law or to prevent its correction, shall not authorize the intervention of equity." This Code section does not prevent the granting of relief where all the facts are not known by reason of the fraud of one of the parties.

Equity has jurisdiction to reform a written instrument where there has been ignorance or mistake on the part of one of the parties, accompanied by fraud or inequitable conduct on the part of the other party. *McDonald* v. *Mullins,* 197 *Ga.* 511 (29 S. E. 2d, 507).

If the fraud or inequitable conduct complained of consists of an alleged misrepresentation of fact, it is immaterial whether the party making the misrepresentation knows it to be false or not; it is nonetheless fraud in law, even though not fraud in fact. *Reese* v. *Wyman*, 9 *Ga.* 430 (6); *Gibson* v. *Alford*, 161 *Ga.* 672 (2b), (132 S. E. 442). The trial court properly overruled the special demurrer to paragraph 51, count 2, of the petition.

■ In paragraphs 31 and 32, the defendant demurs specially to paragraphs 77 and 78 of count 2 of the petition, for the reason that those paragraphs set out conclusions of the petitioner and fail to allege or show why the deed made by the plaintiff should be declared null and void and canceled of record, and fails to make a tender to the defendant for moneys paid by him for taxes, improvements, interest, and payment on the loan, as well as turning back the consideration paid by the defendant to the plaintiff. Paragraph 77 of count 2 of the petition reads as follows: "Petitioner therefore alleges that the deed she made to said defendant should be decreed null and void and canceled of record." Paragraph 78 reads as follows: "On account of the facts herein alleged petitioner is entitled to an accounting from the defendant for rents collected on said property over and above the amount necessary to reimburse defendant for the payments made by him on taxes and the loan on said property."

The Code, § 37-104, provides: "He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit." Ordinarily, before one would be entitled to have a deed decreed null and void and canceled of record, he must tender to the purchaser the amount alleged as the consideration. In the instant case, it is contended that the petition is subject to demurrer because the petitioner failed to tender to the defendant the moneys paid for taxes, improvements, interest, and payment on the loan, as well as the consideration paid by the defendant to the plaintiff. The petition as amended alleged that no part of the consideration named in the deed had been paid, and that the amount of the rent collected by the defendant was enough to have paid the installments and interest due against said property. There is nothing in the record to indicate that any improvements were made

by the defendant, or any taxes paid by him. Where it is not shown that the defendant has made valuable improvements, and no rights of third parties are involved, the action will not be dismissed because of laches. The trial judge did not err in overruling these grounds of the special demurrer. In connection therewith, see *Marietta Realty & Development Co.* v. *Reynolds*, supra; *DeVaughn* v. *Griffith*, 149 *Ga.* 697 (101 S. E. 794); *Mullins* v. *Barrett*, supra; *Wynne* v. *Fisher*, 156 *Ga.* 656 (2), (119 S. E. 605).

◼ In paragraph 33, the defendant demurs specially to paragraph 80 of the petition, for the reason that neither said paragraph nor any other paragraph sets out grounds for equitable relief, and before the plaintiff can seek equity she must first do equity. Under what has been previously ruled, this ground is without merit.

*Judgment affirmed. All the Justices concur, except Bell, J., absent on account of illness.*