SMITH *et al. v.* WILLOUGHBY *et al.*

No. 16388.   November 18, 1948.

*George W. Westmoreland,* for plaintiffs in error.

*R. M. Nicholson,* contra.

Groves, Justice. (After stating the foregoing facts.) ■ The defendants (plaintiffs in error) demurred on the general grounds, and urged that the petition failed to show any equitable cause of action; that the plaintiffs (defendants in error) are not by their pleadings representatives of said estate and are acting individually as heirs of the estate of James M. Willoughby, deceased, and are without any power or authority to bring said estate into a court of equity; that the petition nowhere states any equitable grounds to take said estate out of the court of ordinary, the court with jurisdiction of said estate and in which said estate is now pending for administration.

There is nothing in the record that would indicate that the property is in an estate either represented or unrepresented. The petition states clearly that the petitioners and six of the defendants are co-owners or tenants in common of the property in question. The petition alleges that James M. Willoughby died in March, 1884, and that his estate was fully administered. The petition in each instance showed how each of the co-owners acquired their interest, and the only thing in the record which would indicate that the property is in the estate or a part of the estate of James M. Willoughby is the certificate to the plat prepared by R. E. Hardigree, surveyor, dated January 5, 1948, which reads as follows: "State of Georgia, Oconee Co. Above plat shows survey of James M. Willoughby Estate containing 188 acres, more or less. Location, on Farmington-Antioch Road." The mere fact that the surveyor designated the land as "James M. Willoughby Estate" would in no way prove title.

Although the plaintiffs prayed that the ordinary be enjoined from passing an order appointing an administrator of the estate of James M. Willoughby, the record shows how each co-owner acquired his or her interest, and in no instance does it indicate that any co-owner acquired his or her undivided interest as heir of James M. Willoughby. In some instances co-owners acquired

their interests or a part of their interests by deeds. The petition clearly states that the plaintiffs and six of the defendants are co-owners or tenants in common of the property in question. The allegations of the petition are sufficient to entitle the petitioners to the relief prayed for. The petition states that James M. Willoughby died in 1884, and that his estate has been administered. Taking this to be true, as must be done on demurrer, the property in question could not be in the estate of James M. Willoughby. The petition alleges that the 30 co-owners or tenants in common are unable to agree as to how the property in question can be disposed of. The allegations further show encroachments by adjoining landowners; that J. C. Saxon, who has been looking after the renting, paying of taxes and other care of said property, will not continue to do so, and in order for the timber or land to be sold at a private sale, a receiver should be appointed to handle the management of the property, pending sale of timber and land, and to preserve the property, collect the rents, and pay the taxes.

The courts have held that an equitable petition will not be dismissed if some of the allegations and prayers call for some of the relief prayed. *Parrish* v. *Rigell,* 183 *Ga.* 218, 225 (2) (188 S. E. 15, 107 A. L. R. 1385).

A general demurrer to a petition will not be sustained if the facts entitle the plaintiff to any of the substantial relief prayed. The grounds of the general demurrers of the defendants are without merit, and the trial judge did not err in overruling said general grounds. *Shingler* v. *Shingler,* 184 *Ga.* 671, 672 (2) (192 S. E. 824).

In the first and second special demurrers, the defendants demur to paragraphs 11 and 12 of the petition on the grounds, that the facts set out in those paragraphs are not relevant and germane to an administration or partition, that it is not shown by what authority the plaintiffs acted in making the survey, that the price set out is merely a conclusion, and that all the facts as pleaded or conversations as set out are conversations and acts of third persons in no way interested in said estate.

The allegations pleaded in these two paragraphs are relevant and germane, as J. C. Saxon was the duly authorized agent of the co-owners, or a majority of the co-owners, had acted as such

for a number of years, and there is nothing to indicate in these two paragraphs that he was representing the heirs of any estate. Any action or conversation on Saxon's part with reference to negotiations for the sale of the timber would be relevant and germane. Therefore, these two special demurrers are without merit.

The third, fourth, fifth, sixth, and seventh special grounds of demurrer attack paragraphs 13, 14, 15, 16, and 17 of the petition on the basis that the allegations set out in these paragraphs were conclusions, superfluous, and not germane. The conclusions were supported by facts alleged, and since the defendants demurred to each of these paragraphs as a whole, and not to specific portions of these paragraphs, these grounds of special demurrer are without merit. *Marietta Realty & Development Co.* v. *Reynolds,* 189 *Ga.* 147 (4) (5 S. E. 2d, 347); *Western & Atlantic Railroad Co.* v. *Roberts,* 144 *Ga.* 250 (86 S. E. 933).

The eighth special ground of demurrer to paragraph 21 of the petition is confusing and uncertain. Since a demurrer itself must be free from fault, such demurrer will be overruled. *Marietta Realty & Development Co.* v. *Reynolds* 189 *Ga.* 147 (4) (supra).

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., who dissents.*